IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ELEY AND LISA ELEY, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:09-cv-958-MEF |
| ) | |
| THE TRAVELERS INSURANCE ) | (WO—Do Not Publish) |
| COMPANIES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

On October 21, 2009, two of the defendants in this case, The Travelers Insurance Companies, Inc. and The Travelers Indemnity Company, Inc. (collectively "the movants"), filed substantively identical motions to dismiss. (Docs. # 6 and # 7.) The movants argue the Court should dismiss them from this case under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court will deny both motions.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint against the standard set out in Federal Rule of Civil Procedure 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court

---

[1] The movants also originally asserted that the Court should dismiss the case under Rules 12(b)(2), (3), (4), and (5). But the movants, after reviewing the plaintiffs' response, voluntarily withdrew these assertions. (Doc. # 15 at 3.) Nonetheless, the Court independently finds that it has jurisdiction over the parties and the case, and that venue is proper in this district.

must take the well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Even so, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

### III.  DISCUSSION

The movants contend they are not parties to the insurance policy that is the subject of this suit. This policy was issued to the plaintiffs, Michael and Lisa Eley, by a third defendant, The Automobile Insurance Company of Hartford, Connecticut, Inc., which is a separate legal entity from the movants. Asserting that "[a]ll of Plaintiffs' claims arise out of the policy," the movants argue they are not proper defendants and thus are entitled to be dismissed under Rule 12(b)(6). (Docs. # 6, ¶ 5 and # 7, ¶ 5.)

This assertion is wrong on the face of the complaint. The plaintiffs' claims are not for breach of the insurance policy itself. Rather, the plaintiffs allege in the sole count of the complaint that the "Defendants" (a term that necessarily must include the movants)— or, in the fact section of the complaint, "Travelers" (a term that, even if interpreted most narrowly, includes the movants because, of all the defendants, only the movants' names contain "Travelers")— made material misrepresentations to the plaintiffs about the status of the plaintiffs' insurance policy. (Doc. # 1-3 at 4–6.) This led the plaintiffs to believe their house was insured when, in fact, it was not. Consequently, the plaintiffs were not reimbursed for losses they incurred when the house was later burglarized.

In other words, this is a cause of action for misrepresentation, not for breach of contract.  *See Army Aviation Ctr. Fed. Credit Union v. Poston*, 460 So. 2d 139, 142–43 (Ala. 1984) (setting out the elements for the state-law tort of misrepresentation, as found in § 6-5-100 of the Code of Alabama, 1975, and as construed by the Alabama courts); *see also Nat'l Sec. Fire & Cas. Co. v. Vintson*, 414 So. 2d 49, 51 (Ala. 1982) (holding that a plaintiff who claimed that an insurance agent misrepresented the moment and time an insurance policy would take effect could present a breach-of-contract theory, a misrepresentation theory, or both theories).  Therefore, this Court will not dismiss the movants from this case even if they are not parties to the insurance contract.

## IV.  CONCLUSION

Accordingly, it is hereby

ORDERED that The Travelers Insurance Companies, Inc.'s Motion to Dismiss (Doc. # 6) and The Travelers Indemnity Company, Inc.'s Motion to Dismiss (Doc. # 7), both filed on October 21, 2009, are DENIED.

DONE this the 4th day of January, 2010.

       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

3